IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16 C 11208 |
| | ) | |
| REGINALD MATTHEWS, BRIAN | ) | |
| WAINSCOTT, VILLAGE OF | ) | |
| MUNDELEIN, COUNTY OF LAKE, | ) | |
| BEN FAPSO, and CITY OF | ) | |
| NORTH CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS'
MOTIONS TO DISMISS AMENDED COMPLAINT

MATTHEW F. KENNELLY, District Judge:

In March 2015, a Lake County grand jury indicted Brian Harper and 26 others on state racketeering and gang narcotics conspiracy charges. The Lake County State's Attorney's Office dismissed the charges against Harper in February 2016. Harper has sued assistant state's attorney Reginald Matthews, Mundelein police officer Brian Wainscott, and North Chicago police officer Ben Fapso. He has asserted a claim against them under 42 U.S.C. § 1983 for violating his constitutional rights, and he seeks indemnification from their respective employers under 745 ILCS 10/9-102.

The defendants moved to dismiss Harper's original complaint on various grounds. The Court dismissed the complaint with leave to amend, ruling that it did not sufficiently inform each defendant what he was claimed to have done. Harper has filed an amended complaint, and the defendants have again moved to dismiss for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6). In considering the defendants' motions, the Court reads the complaint's factual allegations liberally.

Harper alleges that prosecutor Matthews led the investigation of a street gang of which Harper was claimed to be a member and that Wainscott and Fapso were lead investigators who helped direct the investigation as part of a multi-jurisdictional task force. Harper alleges that Wainscott and Fapso both gave false testimony before the grand jury that indicted him: Wainscott testified that Harper had been recorded in conversations that were overheard via electronic surveillance and that he was a distributor of narcotics, and Fapso testified that Harper was a high-ranking member of the gang and an enforcer. Their testimony, Harper says, was untrue; none of the overheard conversations supported any of this, nor were there witnesses or other evidence that linked him to criminal activity. Matthews questioned both Wainscott and Harper before the grand jury and allegedly suborned their false testimony. Harper further alleges that even though the defendants procured an indictment charging him (and others), they all knew that he was not involved in and had not aided or abetted any illegal activity. The bottom line, Harper alleges, is that the defendants "caused [his] arrest and detention for crimes he did not commit." Am. Compl. ¶ 39. In his section 1983 claim, Harper alleges that the defendants caused him to be arrested, detained, and charged without probable cause in violation of his rights under the Fourth and Fourteenth Amendments.[1]

---

[1] Harper also appears to allege that Matthews made a false public statement about him and the charges against him, but that by itself does not give rise to a federal constitutional claim.

All of this sounds like a claim for malicious prosecution. But (at least in this circuit) a plaintiff cannot maintain a malicious prosecution claim under section 1983 if there is an adequate state-law remedy, which Illinois provides. *See, e.g., Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) (citing *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001)).

And there are further problems with Harper's claims. His allegations against Wainscott and Fapso arise from their testimony before a grand jury. But as they argue, they are entitled to absolute immunity from liability under section 1983 for claims arising from their testimony before a grand jury, even if they might be contended to be the "complaining witnesses" in obtaining the charges against Harper. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012). And Harper's claim against Matthews, which arises from his presentation of testimony before the grand jury and his obtaining of an indictment, involves prosecutorial (not investigative) functions for which he, too, is entitled to absolute immunity from suit under section 1983. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Harper also appears to assert claims against the defendants in their "official capacities." An official-capacity suit is, in effect, a suit against the governmental entity that employs the particular governmental actor. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991). But a plaintiff cannot maintain a suit against a governmental entity under section 1983 unless he adequately alleges that a policy or custom of the governmental entity caused the violation of the plaintiff's constitutional rights. *See id.* This Harper has not done.

For these reasons, the Court grants the defendants' motions to dismiss [dkt. nos. 33, 34, 36]. Unless Harper files, by September 14, 2017, a motion for leave to amend including an amended complaint that states a viable claim over which the Court has jurisdiction, the Court will enter judgment against him. The case is set for a status hearing on September 18, 2017 at 9:30 a.m. The status hearing and ruling set for August 24, 2017 is vacated.

Date: August 23, 2017

_____
MATTHEW F. KENNELLY
United States District Judge