# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIAN HARPER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16 C 11208 |
| BRIAN WAINSCOTT, VILLAGE OF MUNDELEIN, BEN FAPSO, and CITY OF NORTH CHICAGO, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In March 2015, a Lake County grand jury indicted plaintiff Brian Harper and 26 others on state racketeering and gang narcotics conspiracy charges. Lake County prosecutors dismissed the charges against Harper in February 2016, before trial. Harper contends that the charges against him were based on false information. He has sued Mundelein police officer Brian Wainscott and North Chicago police officer Ben Fapso, asserting claims under 42 U.S.C. § 1983 for violating his constitutional rights.

The Court has dismissed two previous versions of Harper's complaint. The Court dismissed his original complaint on the ground that it did not sufficiently inform each defendant what he was claimed to have done. The Court later dismissed Harper's amended complaint, concluding that he had stated, at most, a state-law claim for malicious prosecution that could be brought, if at all, only in state court. The Court also concluded that Harper's claims against Wainscott and Fapso were barred by absolute

immunity because the claims were predicated on the two officers' testimony before a grand jury. Harper also sued Lake County assistant state's attorney Reginald Matthews, but the Court dismissed the claims against him based on absolute prosecutorial immunity. *See* Order of Aug. 23, 2017.

Harper then sought leave to file a second amended complaint. In the second amended complaint, he alleges that Wainscott and Fapso falsely identified him to prosecutor Matthews as a narcotics distributor and a member of a street gang. 2d Am. Compl. ¶¶ 12-13. Harper says that this false information "was the basis of the probable cause to arrest, charge and prosecute" him. *Id.* ¶ 14. Harper alleges that Wainscott and Fapso relayed false information about the contents of monitored phone calls and falsely stated that Harper distributed narcotics for the street gang, even though they knew there was no evidence to support this. *Id.* ¶¶ 17-26. Harper makes no allegations regarding testimony by Wainscott or Fapso before the grand jury. He asserts a due process claim; a claim for unreasonable detention in violation of his Fourth Amendment rights; and a claim for indemnification against Wainscott and Fapso's employers under 745 ILCS 10/9-102.[1]

In an order on Harper's motion for leave to amend, the Court dismissed his claims against Matthews, saying that he is entitled to absolute prosecutorial immunity from suit. *See* Order of Oct. 13, 2017. The Court granted leave to amend with regard to Wainscott and Fapso, subject to their right to file a motion to dismiss. *Id.* Wainscott and Fapso have now moved to dismiss the second amended complaint under Federal Rule of Civil Procedure 12(b)(6).

---

[1] It is conceivable that Harper is also asserting state-law claims, but that is unclear.

## Discussion

1. **Count 1**

Though Count 1 of Harper's complaint is entitled "claim for deprivation of right to a fair trial and for wrongful conviction," Harper was neither tried nor convicted. Rather, the charges against him were dismissed before trial. His claim is that "a form of legal process resulted in pretrial detention unsupported by probable cause." *Manuel v. City of Joliet*, 137 S. Ct. 911, 919 (2017). For this reason, the appropriate claim is a claim for violation of his Fourth Amendment rights, *id.*, not for violation of the Fourteenth Amendment's Due Process Clause. *Id.* The Court therefore dismisses Count 1.

2. **Count 2**

The same Supreme Court decision that undercuts Harper's due process claim entitles him to pursue a claim for violation of his Fourth Amendment rights, as alleged in Count 2. In *Manuel*, the Supreme Court overturned long-established Seventh Circuit precedent to the effect that once a defendant is detained pursuant to legal process (like an arrest warrant issued upon an indictment), the Fourth Amendment drops out of the picture and the Due Process Clause controls. *See Manuel*, 137 S. Ct. at 916. The Court concluded that "those objecting to a pretrial deprivation of liberty may invoke the Fourth Amendment when (as here) that deprivation occurs after legal process commences." *Id.* at 918. "If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." *Id.* at 919. And the fact that the legal process arose from a grand jury indictment, as opposed to a criminal complaint or some other probable cause determination, makes no difference, as the Court ruled in *Manuel*. *See id.* at 920 n.8.

"Whatever its precise form, if the proceeding is tainted—as here, by fabricated evidence—and the result is that probable cause is lacking, then the ensuing pretrial detention violates the confined person's Fourth Amendment rights . . . ." *Id.*

Defendants argue that Harper's revision of his complaint is an improper attempt to get around the Court's immunity ruling regarding claims based on the defendants' false testimony. The Court disagrees. Harper alleges that Wainscott and Fapso knowingly conveyed false information about him and his activities to the prosecutor, who relied on what they had conveyed. As the Seventh Circuit held nearly thirty years ago, this is sufficient to give rise to a claim against the officers; "a prosecutor's decision to charge [and] a grand jury's decision to indict . . . will [not] shield a police officer who deliberately supplied misleading information that influenced the decision." *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988). Defendants have offered no viable legal basis for a determination that the fact that they *also* gave false testimony along the same line immunizes them from liability resulting from their conveyance of false information to the prosecutor.

The Court overrules defendants' contention that the complaint does not adequately describe their transmission of false information to prosecutors. Harper has identified what the false information was and who transmitted it to whom; he cannot reasonably be expected, prior to discovery, to be able to identify the precise time and place of these events. Harper has, under the circumstances, satisfied whatever requirement of particularity-of-pleading applies in this context.

The Court also disagrees with defendants' contention that Harper has conceded the existence of probable cause. His allegation that "[t]his false evidence was the basis

4

of the probable cause to arrest, charge and prosecute Mr. Harper," 2d Am. Compl. ¶ 14 is anything but an admission. To the contrary, it is an allegation that the defendants' false statements were the basis for the prosecutor's or grand jury's probable cause determination. If anything is clear from Harper's complaint, it is that he is alleging that an accurate rendition of the evidence would have demonstrated the absence of probable cause, not its existence.

Finally, defendants' claim of qualified immunity lacks merit. As indicated earlier, it has been established law in this Circuit for nearly thirty years that a law enforcement officer may be liable for violating a person's constitutional rights if he knowingly conveys false information to a prosecutor that causes the person's arrest, detention, or prosecution. *See Jones*, 856 F.2d at 993-94. *Jones* likewise squarely holds that an officer is not entitled to qualified immunity in this situation. *Id.* at 994.

**3. Count 3**

Defendants' argument for dismissal of Count 3 is that both Counts 1 and 2 fail to state a claim. Because Count 2 survives defendants' motions to dismiss, Count 3 remains in the case as well.

## Conclusion

For the reasons stated above, the Court dismisses Count 1 of Harper's second amended complaint but otherwise denies defendants' motions to dismiss [dkt. nos. 61 & 64]. At tomorrow morning's status hearing, the parties should be prepared to set a discovery schedule.

Date: November 26, 2017

_____
MATTHEW F. KENNELLY
United States District Judge